**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Corry Jonas, *on behalf of themselves and all others similarly situated,*

                                 *Plaintiffs*,

    -against-

AutoZoners LLC, AutoZone, Stores, Inc., and AutoZone, Inc.,

                                 *Defendants*.

**RULE 23 CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Corry Jonas, on behalf of himself and all others similarly situated, brings this action against AutoZoners LLC ("AutoZoners"), AutoZone, Inc., and AutoZone Stores, Inc. ("Autozone Stores" and together with AutoZoners, the "Defendants" or "AutoZone") follows:

1. Plaintiff and the proposed class worked as team members, drivers and assistant managers (collectively referred to herein as "Manual Workers") for AutoZone retail stores located throughout the State of New York, performing almost entirely physical labor, and being paid bi-weekly.

2. Plaintiff Jonas was employed at Defendants' store located at the corner of Utica and Atlantic Avenue at 1798 Atlantic, Brooklyn, New York 11234

3. Throughout the employment, Defendants paid Plaintiff paid bi-weekly, in violation of the New York Labor Law Section 191.

4. The law recognizes frequency of pay as a right vested to workers in order to keep up with day-to-day expenses such as transportation costs, groceries and other regular expenses, and in order to obtain the full value of their services by receiving wages as due.

## THE PARTIES

5. Corry Jonas is an adult individual who is a resident of Kings County, in the

1

State of New York.

6. Defendant AutoZoners LLC is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business at 123 South Front Street, Memphis Tennessee 38103 and a service of process in the care of C T Corporation at 701 South Carson Street, Suite 200, Carson City, Nevada, 89701. AutoZoners LLC is the entity listed on Plaintiff's 2017 W2. The address on Plaintiff's pay stub matches the principal place of business listed on the State of Nevada's Business Portal website. AutoZoners LLC does not appear to have a registered entity with New York's Department of State's Division of Corporations.

7. Upon information and belief, Defendant AutoZone Stores, Inc. is a parent company of AutoZoners LLC. AutoZone Stores, Inc. is registered with New York's Department of State's Division of Corporations as foreign business corporation organized under the laws of the State of Nevada with a principal place of business at 123 South Front Street, Memphis Tennessee 38103 and a service of process address in the care of C T Corporation at 28 Liberty Street, New York, New York 10005. AutoZone Stores, Inc.'s principal business address matches the principal business address of AutoZoners LLC.

8. Defendant AutoZone, Inc. is a foreign business corporation with its principal place of business at 123 South Front Street, Memphis Tennessee 38103 and a service of process address in the care of C T Corporation at 28 Liberty Street, New York, New York, 10005. AutoZone Inc.'s principal place of business address matches the principal business address of AutoZoners LLC, and AutoZone Stores, Inc.

9. Defendants were and are a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and all other similarly situated employees.

2

10. Defendants have maintained control, oversight, and direction over Plaintiff and all other similar employees, including timekeeping, payroll, and other employment practices that applied to them.

11. Defendants apply the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendant.

13. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since the Plaintiffs reside in New York State and are citizens of that state, while Defendant Autozoners LLC is a citizen of Delaware and Defendant AutoZone Stores, Inc. is a citizen of Nevada, with the Defendants sharing a principal place of business address at 123 South Front Street, Memphis Tennessee 38103, pursuant to § 1332(c)(1).

14. There are over 1000 members in the proposed class.

15. Defendant is subject to personal jurisdiction in New York as it does business in New York.

16. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this District, and Defendant conducts business in this District. Specifically, Plaintiff worked at Defendants' retail stores located in this District.

## FACTS

**Defendant's Store Structure and Organization**

17. AutoZone operates approximately 6,000 store locations in the United States, had just under $14.63 billion in annual revenue in 2021, and employs 100,000 people. Defendants have 212 store locations in New York State alone.

18. AutoZone, Inc. holds itself out as "the leading retailer, and a leading distributor, of automotive replacement parts and accessories in the Americas" and that it "began operations in 1979 and at August 28, 2021, operated 6,051 stores in the United States ("U.S.")."

19. AutoZone, Inc. along with other corporate defendants, are each individual, and together jointly, an employer of Plaintiff under the New York Labor Law.

20. A joint employer is jointly and severally liable for all underpayments in violation of the NYLL, whether or not that joint employer facilitated or caused the particular violation. Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 186 (S.D.N.Y. 2003).

21. Each AutoZone store includes the employees working in the following roles and/or holding the below titles, all of whom perform physical tasks and are paid hourly (except where noted), on a bi-weekly basis except Store Managers.

22. Each Defendant, individually, and jointly, ) had the power to hire and fire the employees; supervised and controlled employee work schedules or conditions of employment; determined the rate and method of payment; and maintained employment records.

23. Defendants also constitute a single integrated enterprise on the basis of share

4

management, shared ownership, centralized administration, and unity of purpose.

24. A Team Member is an entry level worker who are paid the lowest hourly rates;

25. A Driver is an entry level worker who delivers auto parts to stores and commercial customers.

26. An Assistant Store Manager supports the Store Manager, working as acting manager when the Store Manager isn't present, including opening and closing stores.

27. Store Managers are salaried and generally do not spend most of their time doing physical tasks.

**Plaintiff's Roles / Titles Working at AutoZone**

28. Plaintiff Corry Jonas started working for AutoZone in January 2016 at the Atlantic Avenue store location as a Team Member making approximately $13 per hour.

29. Plaintiff Corr Jonas left AutoZone in March 2018 after over two years of employment still earning just $13 per hour.

**Plaintiffs' Performance In Each Role / Title**

30. As a Team Member, Plaintiff Jonas's duties consisted of: lifting auto parts packages up to 100 pounds, installing batteries for customers, stocking store shelves, and performing general cleaning tasks.

31. In his role as Team Member, Plaintiff and similarly situated employees spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

**Injures to Plaintiff as a Result of Defendants' Untimely Wage Payments**

32. Defendants' untimely wage payments cost Plaintiff Jonas and other similarly

situated employees the time value of their money and negatively impaired their ability to save, invest, and plan for the future as well as harmed their ability to pay regular expenses such as groceries, transportation costs, and monthly bills on a timely manner.

33. During the years of his employment at AutoZone, Plaintiff Jonas missed six credit card payments as a result of Defendants' untimely wage payments, resulting in fees, interest and negative credit rating and resulted in compensatory loss. He continues to suffer from impaired credit now.

## RULE 23 CLASS ACTION ALLEGATIONS

34. The Proposed Class is defined as:

> All Employees working in AutoZone stores in the roles of Team Member, Driver, and Assistant Manager in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

35. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

36. There are more than 1000 potential class members and Plaintiffs' claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

37. Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct.

38. Defendants' corporate-wide policies and practices affected everyone who worked in every store in the same way.

39. Plaintiff is able to fairly and adequately protect the interests of the Proposed

6

Class and have no interests antagonistic to it.

40. Plaintiffs are represented by attorneys who are experienced and competent to bring this action.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

42. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

    a. What job duties are performed by AutoZone's team members?

    b. What job duties are performed by AutoZone's drivers?

    c. What job duties are performed by AutoZone's assistant managers?

    d. What is the frequency of pay of AutoZone's team members?

    e. What is the frequency of pay of AutoZone's drivers?

    f. What is the frequency of pay of AutoZone's assistant managers?

    g. Do Defendants qualify as "Employers" under the New York Labor law?

## AS AND FOR A CAUSE OF ACTION

**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and Proposed Class)**

43. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

44. Defendants failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

45. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

46. All of AutoZone's store-based employees except Store Managers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

47. As such, the failure to provide wages owed to Plaintiffs and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

48. Defendants' conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

49. Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendants compensatory damages for all loss in an amount to be determined at trial, plus the amount of the underpayments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal

    Rules of Civil Procedure

B. Designation of Plaintiff Jonas as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Compensatory damages in an amount to be determined at trial

D. Liquidated damages permitted by law pursuant to the NYLL.

E. Prejudgment and post-judgment interest;

F. Reasonable attorneys' fees and costs of the action;

G. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       June 21, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and*
*Rule 23 Proposed Class*